UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIAM BALLARD,<br><br>Plaintiff,<br><br>v.<br><br>ARGO GROUP INTERNATIONAL HOLDINGS, LTD., THOMAS A. BRADLEY, BERNARD C. BAILEY, DYMPHNA A. LEHANE, SAMUEL LISS, CAROL A. MCFATE, and AL-NOOR RAMJI,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>JURY TRIAL DEMANDED |

Plaintiff William Ballard ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

**NATURE OF THE ACTION**

1. Plaintiff brings this action against Argo Group International Holdings, Ltd. ("Argo Group" or the "Company") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the proposed acquisition of the Company by Argo Group to Brookfield Reinsurance Ltd. ("Brookfield").[1]

2. On February 8, 2023, the Company entered into an Agreement and Plan of Merger with Brookfield and Brookfield's wholly owned subsidiary, BNRE Bermuda Merger

---

[1] The proposed business combination described herein is referred to as the "Proposed Transaction."

Sub Ltd. ("Merger Sub").  The Merger Agreement provides that Argo Group stockholders will receive $30.00 in cash per share of Argo Group common stock in connection with the Proposed Transaction.[2]

3.  The Company's corporate directors subsequently authorized the March 30, 2023, filing of the materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC.  The Proxy Statement, which recommends that Company stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision.  Defendants authorized the issuance of the false and misleading Proxy Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

4.  It is imperative that the material information omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights, among other things.[3]

5.  For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

---

[2] In connection with the Proposed Transaction, funds advised by Brookfield have committed an aggregate equity contribution of $3.1 billion and British Columbia Investment Management Corporation ("BCI") is providing a minority equity investment through a committed aggregate equity contribution equal to $1.0 billion.

[3] The Special Meeting at which stockholders are asked to approve Proposed Transaction currently is scheduled for April 19, 2023.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District. Argo Group's common stock trades on the New York Stock Exchange, which is headquartered in this District, rendering venue in this District appropriate.

## THE PARTIES

9. Plaintiff is, and has been at all times relevant hereto, the owner of Argo Group common stock.

10. Defendant Argo Group is a Bermuda corporation, with its principal executive offices located at 90 Pitts Bay Road, Pembroke HM 08, Bermuda. Argo Group's shares trade on the New York Stock Exchange under the ticker symbol "ARGO." Argo Group is a U.S. focused underwriter of specialty insurance products in the property and casualty market. The Company operates in the specialty and Excess and Surplus Lines insurance markets, focused on discrete niche products or businesses that require specialized underwriting knowledge and usually hard-to-place coverage. For the year ended December 31, 2022, Argo Group's

operations included two primary reportable segments – U.S. Operations and International Operations. In addition to these main business segments, the Company also has a Run-off Lines segment for certain products the Company no longer underwrites.

11. Defendant Thomas A. Bradley is and has been Chairman of the Board, Chief Executive Officer, and a director of the Company at all times relevant hereto.

12. Defendant Bernard C. Bailey is and has been Lead Independent Director and a director of the Company at all times relevant hereto.

13. Defendant Dymphna A. Lehane is and has been a director of the Company at all times relevant hereto.

14. Defendant Samuel Liss is and has been a director of the Company at all times relevant hereto.

15. Defendant Carol A. McFate is and has been a director of the Company at all times relevant hereto.

16. Defendant Al-Noor Ramji is and has been a director of the Company at all times relevant hereto.

17. Defendants identified in paragraphs 11-16 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

18. On February 8, 2023, Argo Group and Brookfield jointly announced in relevant part:

> **BROOKFIELD, NEWS, FEBRUARY 8, 2023** – Brookfield Reinsurance (NYSE, TSX:BNRE) and Argo Group International Holdings, Ltd. ("Argo") (NYSE: ARGO) today announced they have entered into a definitive merger

agreement whereby Brookfield Reinsurance will acquire Argo in an all-cash transaction valued at approximately $1.1 billion.

Sachin Shah, Chief Executive Officer of Brookfield Reinsurance, said, "The acquisition of Argo represents another milestone in the continued expansion of our insurance solutions business. Argo's leading U.S. specialty platform adds a foundational piece to our expanding U.S. P&C operations. We look forward to partnering with the Argo team to support the growth of its core businesses, build on its strong franchise, and deliver value for policyholders."

Thomas A. Bradley, Argo's Executive Chairman and Chief Executive Officer, said, "This transaction brings a successful conclusion to Argo's strategic alternatives review process and represents the best path forward for Argo, our employees and policyholders while also maximizing value for our shareholders. By joining Brookfield Reinsurance, Argo will continue to serve our brokers with greater financial strength and opportunities to grow as a U.S.-focused specialty insurer."

As part of the agreement, each issued and outstanding Argo common share will be converted into the right to receive $30.00 in cash at closing of the merger, funded by existing cash on hand and liquidity available to Brookfield Reinsurance. The merger consideration per Argo common share represents a 6.7% premium to Argo's closing share price on February 7, 2023, and a 48.7% premium over Argo's closing share price on September 7, 2022, the last full trading day prior to Argo announcing the sale of Argo Underwriting Agency Limited and its Lloyd's Syndicate 1200 and the continuation of its strategic alternatives review process. The transaction is not subject to any financing condition or contingency.

Each of Brookfield Reinsurance's and Argo's boards of directors unanimously approved the merger agreement. The merger is expected to close in the second half of 2023, subject to approval by Argo shareholders and other closing conditions customary for a transaction of this type, including receipt of insurance regulatory approvals in relevant jurisdictions and the expiration or termination of the applicable waiting period under the Hart-Scott-Rodino Antitrust Improvements Act of 1976.

In connection with the execution of the merger agreement, Voce Capital Management LLC entered into a voting and support agreement whereby Voce Capital Management LLC agreed to vote all of the common shares held by it in favor of the merger and take certain other actions, subject to the terms and conditions of the voting and support agreement.

> Under the terms of the merger agreement, Argo has agreed to suspend the payment of dividends on its common shares through the closing of the transaction.
>
> For further information regarding the definitive merger agreement, please see Argo's current report on Form 8-K, which will be filed with the U.S. Securities and Exchange Commission (the "SEC") and will contain a summary of the material terms and conditions of the merger agreement, as well as a copy of the merger agreement.
>
> **Advisors**
> Debevoise & Plimpton LLP is serving as legal advisor to Brookfield Reinsurance on this transaction.
>
> Goldman Sachs & Co. LLC is serving as financial advisor and Skadden, Arps, Slate, Meagher & Flom LLP is serving as legal advisor to Argo on this transaction.

**The Materially Incomplete and Misleading Proxy Statement**

19.     The Board caused to be filed the materially incomplete and misleading Proxy Statement with the SEC on March 20, 2023  The Proxy Statement, which recommends that Argo Group stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (a) the financial forecasts for Argo Group; (b) the financial analyses that support the fairness opinions provided by the Company's financial advisor, Goldman Sachs & Co. LLC ("Goldman Sachs"); (c) the background of the Proposed Transaction; and (d) potential conflicts of interest faced by Company insiders.

*Material Misrepresentations and/or Omissions Concerning the Company's Financial Forecasts and*

20.     The Proxy Statement fails to disclose material information concerning the financial forecasts for Argo Group, including the Company's initial financial projections that

were subsequently updated by Argo Group management and presented to the Board on September 30, 2022.[4]

*Material Misrepresentations and/or Omissions Concerning Goldman Sachs's Financial Analyses*

21. The Proxy Statement fails to disclose material information concerning Goldman Sachs's financial analyses.

22. With respect to the *Illustrative Dividend Discount Analysis* performed by Goldman Sachs, the Proxy Statement fails to disclose: (a) the Company's terminal values; and (b) the inputs and assumptions underlying the range of discount rates Goldman utilized in connection with its analysis.

23. With respect to the *Illustrative Present Value of Future Share Price Analysis* performed by Goldman Sachs, the Proxy Statement fails to disclose the inputs and assumptions underlying the discount rate Goldman utilized in connection with its analysis.

*Material Misrepresentations and/or Omissions Concerning the Background of the Proposed Transaction*

24. The Proxy Statement fails to disclose material information concerning the background leading to the Proposed Transaction, including whether the confidentiality agreements that include "don't-ask, don't-waive" standstill provisions are still in effect.

25. The Proxy Statement also fails to disclose the terms of all indications of interest the Company received throughout the sale process, including the terms of Party F's January 11, 2023 offer, following receipt of which the Board determined to pursue the Proposed Transaction with Brookfield.

---

[4] *See* Proxy Statement at 27.

*Material Misrepresentations and/or Omissions Concerning Company Insiders' Potential Conflicts of Interest*

26. The Proxy Statement fails to disclose material information concerning the potential conflicts of interest faced by Company insiders, including whether any of Brookfield's proposals or indications of interest mentioned management retention in the combined company following the Proposed Transaction or the rollover of the Company's preferred shares in the surviving corporation. The Proxy Statement similarly fails to disclose the details of any employment and equity rollover-related discussions and negotiations that occurred between Argo Group insiders and Brookfield, who participated in all such communications, when they occurred and their content.

27. The omission of the above-referenced information renders statements in the "Certain Argo Group Prospective Financial Information," "Opinion of Argo Group's Financial Advisor," "Background of the Merger," and "Interests of the Argo Group's Directors and Executive Officers in the Merger" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act.

28. Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of the Company will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## **CLAIMS FOR RELIEF**

## **COUNT I**

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Argo Group**

29. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

30. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9. Argo Group is liable as the issuer of these statements.

31. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

32. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

33. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

34. The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

35. By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

36. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

37. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

38. The Individual Defendants acted as controlling persons of Argo Group within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Argo Group and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

39. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

40. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations

as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

41.     By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

42.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of the Company, and against defendants, as follows:

A.     Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Company stockholders;

B.     In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C.     Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act;

D.  Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E.  Granting such other relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: March 29, 2023

**ACOCELLI LAW, PLLC**

By: _/s/ Richard A. Acocelli_
Richard A. Acocelli
33 Flying Point Road, Suite 131
Southampton, NY 11968
Tel: (631) 204-6187
Email: racocelli@acocellilaw.com

*Attorneys for Plaintiff*

**OF COUNSEL:**

**LONG LAW, LLC**
Brian D. Long
3828 Kennett Pike, Suite 208
Wilmington, DE 19807
Telephone: (302) 729-9100
Email: BDLong@LongLawDE.com